# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **DEMOND ANDRAE JACKSON,** | ) | |
| **Petitioner,** | ) | **Civil Action No. 7:14cv00321** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **CHRISTOPHER ZYCH,** | ) | **By: Norman K. Moon** |
| **Respondent.** | ) | **United States District Judge** |

Petitioner Demond Andrae Jackson, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the legality of his conviction and sentence. Moran claims that 1) he is "actually innocent" of his drug conviction and sentence because the trial judge determined the amount of drugs he was responsible for, rather than the jury and 2) that one of his two firearm convictions must be vacated because he is being punished twice for the same offense.[1] Upon review of the petition, I conclude that Jackson fails to demonstrate that he is entitled to relief under § 2241 and, therefore, I will grant respondent's motion to dismiss the petition.

Ordinarily, a motion pursuant to 28 U.S.C. § 2255, and not a petition pursuant to 28 U.S.C. § 2241, is the appropriate vehicle for challenging a conviction or the imposition of a sentence, unless a motion pursuant to § 2255 is "inadequate and ineffective" for those purposes.

---

[1] On February 16, 2000, after Jackson pled guilty, the United States District Court for the Southern District of West Virginia convicted him of conspiring to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846, and two counts of possessing a firearm in connection with a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A), and sentenced him to a total of 684 months of incarceration. *United States v. Jackson*, No. 3:99cr00015-5 (S.D.W.V. Feb. 16, 2000). Jackson filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on January 9, 2001, which the court denied. *Jackson v. United States*, No. 3:01cv0031 (S.D.W.V. July 3, 2003). Jackson appealed and the United States Court of Appeals for the Fourth Circuit denied his appeal. *Jackson v. United States*, No. 03-7353 (4th Cir. Feb. 5, 2004). On September 12, 2008, the sentencing court granted a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), in light of Amendment 706 of the United States Sentencing Guidelines, reducing Jackson's total sentence to 622 months of incarceration. On October 27, 2011, Jackson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Eastern District of California, which the court denied. *Jackson v. Rios*, No. 1:11cv01794 (E.D.C.A. Dec. 6, 2011). In July 2012, Jackson filed two more § 2255 motions, both of which the Southern District of West Virginia denied. *Jackson v. United States*, Nos. 3:12cv3287, 3:12cv3350 (S.D.W.V. Apr. 4, 2014).

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000); *see also United States v. Little*, 392 F.3d 671 (4th Cir. 2004) ("[An] attack on the execution of [a] sentence and not a collateral attack on [a] conviction . . . [is] properly brought under 28 U.S.C.A. § 2241."). A motion pursuant to § 2255 is "inadequate and ineffective" to challenge the imposition of a sentence only when (1) settled law established the legality of the conviction or sentence at the time imposed; (2) after the prisoner has completed his appeal and first § 2255 motion, a change in substantive law renders the conduct for which the prisoner was convicted no longer criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law made retroactively applicable to cases on collateral review. *Id.*

Jackson's petition does not indicate any respect in which his case meets the standard under *In re Jones* to proceed under § 2241. Specifically, the second element of the test requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." This statement has not been extended to include sentencing calculations made pursuant to the United States Sentencing Guidelines. *See United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."); *see also United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence." (citing *In re Jones*, 226 F.3d at 333-34)). Clearly there has been no change in the law making it now legal to conspire to distribute cocaine and cocaine base or possess a firearm in connection with a drug trafficking offense. Accordingly, Jackson fails to meet the *In*

*re Jones* standard to show that § 2255 is inadequate to test the legality of his conviction and, thus, his claims cannot be addressed under § 2241.[2]

## III.

For the reasons stated, I will grant respondent's motion to dismiss Jackson's petition.[3]

**ENTER**: This  3rd day of March, 2016.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[2] Jackson's reliance on *Descamps v. United States*, __ U.S. __, 133 S.Ct. 2276 (2013), *Alleyne v. United States*, __ U.S. __, 133 S.Ct. 2151 (2013), *Depierre v. United States*, 564 U.S. 70 (2011), and *Persaud v. United States*, __ U.S. __, 134 S.Ct. 1023 (2014), to obtain relief under § 2241 is misplaced because none of these cases decriminalized the conduct of which Jackson was convicted. Further, neither *Descamps* nor *Alleyne* is retroactively applicable on collateral review. *See, e.g., In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015) (*Descamps*); *United States v. Stewart*, 540 F. App'x 171 (4th Cir. 2013) (*Alleyne*). Finally, there is no holding in *Persaud* that Jackson can rely on to obtain § 2241 relief. In *Persaud*, the district court denied petitioner relief under § 2255 and § 2241 and the Fourth Circuit affirmed. *Persaud v. United States,* No. 3:12cv509, No. 3:01cr36-7, 2012 U.S. Dist. LEXIS 167250, at *7, 2012 WL 5902557, at *3 (W.D.N.C. Nov. 26, 2012); *United States v. Persaud*, 517 F. App'x 137 (4th Cir. 2013). In the Supreme Court of the United States, however, the parties requested that the Fourth Circuit's judgment be vacated and the case be remanded in light of a policy asserted by the Solicitor General. *Persaud*, 134 S.Ct. at 1023. The type of order entered in *Persaud* is known as a grant, vacate, and remand ("GVR") order. *See In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation*, 722 F.3d 838, 845 (6th Cir. 2013). A GVR order "does not constitute a final determination on the merits; it does not even carry precedential weight." *Gonzalez v. Justices of Mun. Ct. of Boston*, 420 F.3d 5, 7 (1st Cir. 2005); *see United States v. Simmons*, 635 F.3d 140, 144 (4th Cir. 2011) (observing that a GVR order makes "no determination on the merits"), *rev'd on other grounds*, 649 F.3d 237 (4th Cir. 2011). Accordingly, *Persaud* has not overruled *In re Jones* and, thus, affords Jackson no relief in his instant petition.

[3] I decline to construe Jackson's petition as a § 2255 motion. First, § 2255 motions must be brought in the court which imposed the sentence. *See* 28 U.S.C. § 2255; *Swain v. Pressley*, 430 U.S. 372, 378 (1977). Second, Jackson has already filed a § 2255 motion in the Southern District of West Virginia. *See Jackson v. United States*, No. 3:01cv0031 (S.D.W.V. July 3, 2003). In order to file a successive § 2255 motion in the district court, he must receive pre-filing authorization from the appropriate court of appeals. *See* § 2255(h). Because Jackson has not demonstrated that the United States Court of Appeals for the Fourth Circuit has issued him pre-filing authorization to submit a second or successive § 2255 motion, the district court has no jurisdiction to consider the merits of his § 2255 claims. Accordingly, I conclude that transfer of a clearly successive § 2255 motion to the sentencing court does not further the interests of justice or judicial economy. Therefore, I decline to construe and transfer Jackson's petition.